UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

HEXACTA INC, et al.,

    Plaintiffs,

v.

KEVIN MCALEENAN, et al.,

    Defendants.

CASE NO. 2:19-CV-00554-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: April 22, 2019

The District Court has referred this action to United States Magistrate Judge David W. Christel. Currently pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 13. After considering the record, the Court recommends the Honorable Ricardo Martinez, the Chief District Judge assigned to this case, enter a Temporary Restraining Order ("TRO") to preserve the status quo until a decision on Plaintiff's request for a preliminary injunction is issued.

**I.    Background**

Plaintiff Hexacta, Inc., an Argentina company, relocated Plaintiff Jose Javier Lopez de Lagar to the United States to establish and head its U.S. Hexacta subsidiary office located in the

REPORT AND RECOMMENDATION - 1

Seattle area. *See* Dkt. 1, ¶¶ 32-33. In 2017, Hexacta successfully petitioned Defendant U.S. Citizenship and Immigration Services ("USCIS") under Form I-129 Petitioner for Nonimmigrant Worker, known as an L-1A petition, for Lopez de Lagar. *Id*. at ¶ 33. USCIS granted Lopez de Lagar L-1A status under "new office" regulations for a period of one year – from January 8, 2018 through January 7, 2019 – with an option for extensions. *See id*. at ¶¶32-34; *see also* Dkt. 13; Dkt. 15, Navarro Dec., ¶ 7.

In January 2018, upon his visa approval, Lopez de Lagar relocated to the U.S. with his wife, Plaintiff Flavia Paola Sosa, their three children, and their dog. Dkt. 1, ¶ 34; Dkt. Lopez de Lagar Dec., ¶¶ 6, 20. In December of 2018, Hexacta petitioned for an extension of Lopez de Lagar's L-1A status. Dkt. 1, ¶ 41. On March 11, 2019, USCIS denied Hexacta's extension petition. *Id*. at ¶¶ 44-45. USCIS also denied derivative L-2 applications for Lopez da Lagar's wife and three children. *See id*.

On April 12, 2019, Plaintiffs filed the Complaint, wherein they challenge Defendants' denial of the L-1A executive immigration petition filed on behalf of Plaintiff Jose Javiar Lopez de Lagar and the derivative L-2 applications for Flavia Paola Sosa and their three children. Dkt. 1. On April 18, 2019, Plaintiffs filed the Motion for TRO and Preliminary Injunction. Dkt. 13. Plaintiffs request the Court enter a TRO and preliminary injunction "for the limited purpose of preserving the status quo that existed when the USCIS California Service Center issued the" immigration petition denials. *Id*. at p. 5.

**II.     Notice to Defendants**

A federal court may issue a TRO "with or without written or oral notice to the adverse party" only if "specific facts in the affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

opposition" and the moving party "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Under Local Rule 65, "the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served." Here, Plaintiffs' counsel "certifie[d] that, pursuant to LCR 65, Plaintiffs have served all motion papers on the opposing party before or with the filing of th[e] Motion." Dkt. 13, p. 5. The Motion was served on Defendants via certified mail on April 18, 2019. *See id*. at p. 22. The Motion was filed with the Court at approximately 1:00 p.m. Defendants have not filed a notice indicating their intent to oppose the Motion or filed a response to the Motion.

**III.    Discussion**

The standards for issuing a TRO are "substantially identical" to those required for a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The party seeking the TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Assn's, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Resources Defense Council*, 555 U.S. 7, 20 (2008)).

As an alternative to this test, a preliminary injunction is appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo when complex legal questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35

(9th Cir. 2011). However, the "serious questions" approach supports the court's entry of a TRO only so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135. The moving party bears the burden of persuasion and must make a clear showing that it is entitled to such relief. *Winter*, 555 U.S. at 22.

Here, for purposes of this TRO, the Court finds Plaintiffs have shown there are at least serious questions going to the merits of the case. Plaintiffs have provided evidence showing Lopez de Lagar is an "executive" of Hexacta for purposes of the L-1A visa. *See* Dkt. 1; *see also* Dkts. 13-15. As such, at this time, there are serious questions regarding whether the denial of his L-1A executive immigration petition was arbitrary and capricious in violation of the APA. *See* 5 U.S.C. § 706(2)(A); *Family Inc. v. U.S. Citizenship and Immigration Services*, 469 F.3d 1313, 1315 (9th Cir. 2006) (citing standard for review).

More importantly, the Court finds Plaintiffs have met their burden of demonstrating they face immediate and irreparable injury as a result of Defendants' denial of the L-1A executive immigration petition filed on behalf of Lopez de Lagar. If Lopez de Lagar must leave the U.S. immediately, Hexacta may be required to close or restructure its U.S. operations, will likely have to terminate U.S. employees, and will be vulnerable to competitors due to Lopez de Lagar's abrupt return to Argentina. Dkt. 15, Navarro Dec., ¶¶ 12-15. The Lopez de Lagar family is also facing irreparable injury. As Lopez de Lagar does not have lawful status, he cannot work and is no longer receiving any income. Dkt. 14, Lopez da Lagar Dec., ¶¶ 14, 15-21; Dkt. 15, Navarro Dec., ¶ 11. If required to leave the United States immediately, J.L., the oldest child, would be required to repeat the sixth grade and the three children would not complete the school year. Dkt. 14, Lopez da Lagar Dec., ¶¶ 18-19. Furthermore, the family would face financial, emotional, and housing difficulties and be restricted in their ability to travel. *Id*. at ¶¶ 14-24. As Hexacta, Lopez

de Lagar, and Lopez da Lagar's wife and children face ongoing, significant harms, the Court finds Plaintiffs have met their burden of demonstrating they face immediate and irreparable injury. *See Ruiz-Diaz v. U.S.*, 2008 WL 3928016, at * 2 (W.D. Wash. Aug. 21, 2008) ("The Court is hard-pressed to imagine a more traumatic and irreparable harm than being uprooted from your job, home, and community for an undetermined length of time.").

The Court finds a TRO does not cause Defendants any undue hardships, nor does the issuance of a TRO in this case cause any significant public consequences. *See Stellar IT Solutions, Inc. v. United States Citizenship and Immigration Services*, 2018 WL 6047413, at * 12.

Therefore, the Court finds halting the accrual of unlawful presence and unauthorized employment is necessary until such time as the Court can hear and decide Plaintiffs' request for a preliminary injunction.

**IV.     Conclusion**

For the above stated reasons, the undersigned recommends the Court enter a TRO restraining Defendants from giving effect to their denial of (1) the Form I-129 Petition for Nonimmigrant Worker, otherwise known as an L-1A petition, that Plaintiff Hexacta, Inc., filed on behalf of Jose Javier Lopez de Lagar; and (2) the Form I-539 Application to Extend/Change Nonimmigrant Status, otherwise known as an L-2 application, that Flavia Paola Sosa filed on behalf of herself and her and Lopez de Lagar's three daughters, J.L., D.L, and I.L., until the Court can set the matter for a hearing and issue a decision on Lopez de Lagar's request for a preliminary injunction.

Counsel for Plaintiffs is directed to provide a copy of this Report and Recommendation to Defendants.

Given the facts and immediacy of this matter, the Court recommends the Chief District Judge immediately adopt this Report and Recommendation.

Dated this 22nd day of April, 2019.

David W. Christel
United States Magistrate Judge